**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2808
_____

OSCAR HUMBERTO VALLADARES,
Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-964-087)
Immigration Judge:  Honorable Mirlande Tadal
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 11, 2011
Before:  SLOVITER, CHAGARES and WEIS, Circuit Judges

Opinion filed: May 23, 2011
_____

OPINION
_____

PER CURIAM.

Oscar Humberto Valladares petitions for review of the Board of

Immigration Appeals' ("BIA" or "Board") final order of removal.  The Government has

filed a motion to dismiss the petition for lack of jurisdiction.  For the reasons that follow,

we will grant the motion and dismiss the petition for review for lack of subject matter

1

jurisdiction.

**I.**

Valladares, a native and citizen of Honduras, entered the United States in June 1998. In August 2008, he was served with a Notice to Appear, charging him with removability under Immigration & Nationality Act ("INA") § 212(a)(6)(A)(i), as an alien present in the United States without admission or parole. Valladares conceded removability and applied for cancellation of removal under INA § 240A(b)(1) [8 U.S.C. § 1229b(b)(1)], claiming that returning to Honduras would cause his daughter to suffer exceptional and extremely unusual hardship.[1]

At an April 2009 administrative hearing, Valladares testified that before the Immigration Judge ("IJ") that he has an eleven-year-old son who was born in Honduras, and a four-year-old daughter who was born in the United States. Both children live in the United States with Valladares and his wife, also a Honduran citizen.[2] Valladares testified that, although his daughter is in good health, he does not want to relocate to her to Honduras because of the country's high crime rate. He also fears that because the country's unemployment rate is high, he will be unable to adequately support her.

---

[1] This provision provides, in relevant part, that the Attorney General may cancel the removal of an alien who was continuously present in the United States for at least ten years before applying, who is of good character, who has not committed certain crimes, and who has established that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a permanent resident or citizen of the United States. See INA § 240A(b)(1).

[2] Valladares' wife had temporary protected status at the time of the hearing.

2

Valladares testified that his daughter was learning to speak and write in both Spanish and English, and that if he is returned to Honduras, his family would likely accompany him.

The IJ denied Valladares' application for cancellation of removal, determining that he failed to demonstrate exceptional and extremely unusual hardship to his family, including his six-year-old United States citizen daughter. The IJ noted that Valladares' children, as well as he and his wife, are in good health. In addition, although Valladares claimed that, based on the economic situation in Honduras, he would not be able to financially support his daughter, the IJ determined that he provided no substantive evidence suggesting that he would be unable to work if removed. Specifically, the IJ noted that Valladares has considerable skills as an auto mechanic and owns a successful auto repair business in the United States.

Valladares appealed the IJ's decision and, in May 2010, the BIA affirmed without opinion. Valladares timely petitioned for review of that determination.

## II.

We have jurisdiction to review final BIA orders under 8 U.S.C. § 1252(a)(1). But as the parties recognize, that jurisdiction is restricted by 8 U.S.C. § 1252(a)(2)(B)(i), which limits judicial review of discretionary agency actions. Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003); Patel v. Att'y Gen., 619 F.3d 230, 232 (3d Cir. 2010) ("We lack jurisdiction to review discretionary decisions made pursuant to 8 U.S.C. § 1229b, including 'exceptional and extremely unusual' hardship determinations."). However, we may still review colorable constitutional claims or

3

questions of law. Patel, 619 F.3d at 232. Dressing a fundamentally discretionary claim in legal clothing does not grant jurisdiction that would otherwise be proscribed. Pareja v. Att'y Gen., 615 F.3d 180, 186-87 (3d Cir. 2010).

Valladares first argues that the IJ and BIA erred by failing to consider the "cumulative effect" of the hardship faced by his daughter as is required under Matter of Recinas, 23 I. & N. Dec. 467 (BIA 2002), and that in doing so, the agency deprived him of an "individualized determination" of his evidence. (Petitioner's Brief "(Pet. Br." at 8-9.) Valladares' poorly developed argument fails to identify any aspect of the IJ's decision that would support either allegation. Moreover, as the Government argues, such claims "do not raise constitutional claims or questions of law." Cospito v. Att'y Gen., 539 F.3d 166, 170 (3d Cir. 2008) (addressing arguments that IJ, inter alia, "gave 'short shrift to crucial evidence'" and "'simply looked at individual factors' rather than provide an evaluation of the factors in the aggregate") (citation omitted). We agree that Valladares' allegations "amount to nothing more than quarrels over the exercise of discretion and the correctness of the factual findings reached by the agency." Id. Accordingly, we must dismiss the claim for lack of jurisdiction. See id. at 171.[3]

Valladares also argues that the BIA denied him due process by failing to review his case de novo, issuing only a "two-line affirmance without opinion." (Pet. Br. at 10.) We have held, however, that the BIA's affirmance without opinion pursuant to

---

[3] We nevertheless note that, contrary to Valladares' assertion, IJ expressly considered the evidence cumulatively. (See Administrative Record at 44.)

4

the streamlining regulations does not constitute a violation of due process.  See Dia v. Ashcroft, 353 F.3d 228, 238 (3d Cir. 2003) (en banc).  Because Valladares has not presented a colorable legal or constitutional challenge, we must dismiss the claim for lack of jurisdiction.

Based on the foregoing, we will grant the Government's motion and dismiss the petition for review for lack of subject matter jurisdiction.